UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. ~~2:19-mj-1098-NPM~~ |
| | ) |
| CRAIG AUSTIN LANG, | ) |
| | ) 2:19-MC-19-FtM- |
| Defendant. | ) |

### AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Jesus M. Casas, being duly sworn, depose and state:

1. I am a citizen of the United States of America and a resident of Florida.

2. From November 2002 until the present, I have worked for the United States Department of Justice as an Assistant United States Attorney for the Middle District of Florida. I prosecute persons charged with criminal violations of the laws of the United States. I have been a practicing attorney since 1998, and have been a federal prosecutor in the Middle District of Florida since 2002. As an Assistant United States Attorney, I prosecute a variety of federal offenses, including offenses involving Interference with Commerce by Violence, Conspiracy, and the Carrying and Use of a Firearm During and in Relation to a Crime of Violence. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States.

3. As an Assistant United States Attorney for the Middle District of Florida, I am responsible for the preparation and prosecution of criminal cases. In the course of my duties,

1

I have become familiar with the charges and evidence in the case of *United States v. Craig Austin Lang, et al.*, Criminal Case No. 2:19-mj-1098-NPM.

## PROCEDURAL HISTORY OF THE CASE

4.  On August 16, 2019, United States Magistrate Judge Nicholas P. Mizell issued an arrest warrant for CRAIG AUSTIN LANG based upon a Criminal Complaint and supporting affidavit that established probable cause for the commission of violations of United States laws relating to Conspiracy to Interfere with Commerce by Violence; Interference with Commerce by Violence; Conspiracy to Carry and Use a Firearm During and in Relation to a Crime of Violence; and Use and Discharge of a Firearm During and in Relation to Crime of Violence Resulting in Death. A Criminal Complaint is a written statement of the essential facts constituting the offenses charged. The Complaint must be made under oath before a United States Magistrate Judge. After a Criminal Complaint is reviewed and approved, the court will normally issue a warrant for the arrest of the defendant, if he or she is not yet in custody.

5.  A certified true and correct copy of the Criminal Complaint against CRAIG AUSTIN LANG in the criminal case titled *United States of America v. CRAIG AUSTIN LANG, et al.*, Case No. 2:19-mj-1098-NPM, is attached as Exhibit 1. On August 16, 2019, United States Magistrate Judge Nicholas P. Mizell, of the United States District Court for the Middle District of Florida issued a warrant for the arrest of CRAIG AUSTIN LANG for the crimes set forth in the Criminal Complaint. United States Magistrate Judge Mizell is authorized and empowered under the laws of the United States to issue arrest warrants. A certified true

and correct copy of the Warrant for Arrest for CRAIG AUSTIN LANG is attached hereto as Exhibit 2.

6. The copies of the Criminal Complaint and Warrant for Arrest attached hereto as Exhibits 1 and 2 are certified by a Deputy Clerk of the Court of the United States District Court for the Middle District of Florida. A Deputy Clerk of the Court is an officer of the Court and is authorized under the laws of the United States to certify court documents to be true and accurate copies of the originals. These certified copies bear the seal of the United States District Court for the Middle District of Florida.

**The Charges and Pertinent United States Law**

7. In the Criminal Complaint, CRAIG AUSTIN LANG is charged with Conspiracy to Interfere with Commerce by Violence; Interference with Commerce by Violence; Conspiracy to Carry and Use a Firearm During and in Relation to a Crime of Violence; and Use and Discharge of a Firearm During and in Relation to Crime of Violence Resulting in Death. Under United States law, a conspiracy is simply an agreement to commit one or more "substantive" criminal offenses, referred to as the purpose or object or objective of the conspiracy. The crime of conspiracy is an independent offense, separate and distinct from the commission of any substantive offense. Under United States law, a person can be charged with conspiracy if (1) two or more persons entered an agreement to commit one or more substantive offenses; (2) the defendant knowingly and intentionally became a member of the conspiracy to commit at least one of the substantive offenses; and (3) that at least one co-conspirator committed at least one over act in furtherance of the conspiracy. An

3

overt act is any action taken to further the objective of the conspiracy, and need not itself be a criminal act.

      a.    <u>Conspiracy to Interfere with Commerce by Violence</u>

The objective of the conspiracy to interfere with commerce by violence charged in the Criminal Complaint is robbery, in violation of Title 18, United States Code, Section 1951(a). Section 1951(a) makes it illegal for a person to conspire in any way or degree to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce by robbery, or to conspire to commit or threaten physical violence to any person in furtherance of a plan or purpose to interfere with commerce by robbery. Under Section 1951(b), robbery means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The relevant definition of commerce is defined by Section 1951(c) as all commerce between any point in a State and any point outside thereof, all commerce between points within the same State through any place outside such State, and all other commerce over which the United States has jurisdiction.

On or about April 9, 2018, LANG and his coconspirator, Alex Jared Zwiefelhofer, both of whom had traveled to Florida from outside the State of Florida, agreed to commit a crime of violence, namely robbery using a firearm, of persons who responded to an advertisement posted on the internet that proposed the sale of a number of firearms. Neither

4

LANG nor Zwiefelhofer actually intended to sell the firearms; rather, they planned to rob the persons at gunpoint and take any United States currency in their possession. On April 9, 2018, one of the victims, S.L., withdrew $3000 from his bank account and traveled on an interstate highway to meet LANG and Zwiefelhofer for the purpose of completing the firearms transaction. However, rather than completing the sale, LANG and Zwiefelhofer robbed the victim of the $3000 and shot and killed the victim and his companion, who was also present for the transaction. The Criminal Complaint charges that LANG and Zwiefelhofer conspired to interfere with commerce by violence in violation of Title 18, United States Code, Section 1951(a), which is a felony offense under United States law.

b. <u>Interference with Commerce by Violence</u>

The Criminal Complaint also charges a substantive violation of interference with commerce by violence, in violation of Title 18, United States Code, Sections 1951(a) and 2. Section 1951(a) makes it illegal for a person to in any way or degree obstruct, delay, or affect commerce or the movement of any article or commodity in commerce by robbery, or to commit or threaten physical violence to any person in furtherance of a plan or purpose to interfere with commerce by robbery. Under Section 1951(b), robbery means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The relevant definition of commerce is defined by Section 1951(c) as all

commerce between any point in a State and any point outside thereof, all commerce between points within the same State through any place outside such State, and all other commerce over which the United States has jurisdiction.

On or about April 9, 2018, LANG and Zwiefelhofer committed an armed robbery of S.L., a person who was interested in purchasing firearms for resale. LANG and Zwiefelhofer had listed the firearms for sale on an internet website (Armslist) dedicated to the sale of firearms and other firearm paraphernalia. The internet is an instrumentality of commerce. Rather than conducting the firearms transaction, LANG and Zwiefelhofer robbed S.L. of the $3,000 in United States currency and killed S.L. and D.L. during the course of the robbery. By robbing and killing S.L. and D.L., LANG and Zwiefelhofer interfered with commerce by robbery, which is a crime of violence. The Criminal Complaint charges that LANG and Zwiefelhofer interfered with commerce by violence in violation of Title 18, United States Code, Sections 1951(a) and 2, which is a felony under United States law. Title 18, United States Code, Section 2 provides that whoever aids or abets the commission of an offense against the United States, or willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

    c.    <u>Conspiracy to Carry and Use a Firearm During and in Relation to a Crime of Violence</u>

The objective of the conspiracy to carry and use a firearm during and in relation to a crime of violence charged in the Criminal Complaint is to use and discharge a firearm during

and in relation to a crime of violence resulting in the death of a person, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (o).

On or about April 9, 2018, LANG and Zwiefelhofer agreed to commit the robbery of S.L. by using and carrying a firearm. Robbery is a crime of violence under United States law. LANG and Zwiefelhofer agreed with each other to rob S.L. of $3,000 in United States currency that S.L. was going to bring to the firearms transaction, and to discharge a firearm and kill S.L. Both LANG and Zwiefelhofer used and carried a firearm during and in relation to the robbery of S.L. to effect its purpose. The Criminal Complaint charges that LANG and Zwiefelhofer conspired to use and carry a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and (o). This is a felony offense under United States law.

    d.    <u>Using and Discharging a Firearm During a Crime of Violence Resulting in Death</u>

The Criminal Complaint further charges a substantive violation of using and discharging a firearm during and in relation to a crime of violence, resulting in the death of a person, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and (j).

Section 924(c)(1)(A) makes it illegal for a person to use or carry a firearm during and in relation to any crime of violence that may be prosecuted in a court of the United States. Interference with Commerce by Violence, which includes robbery as defined above, is a crime of violence that may be prosecuted in a court of the United States. Subsection (iii) provides for a 10-year mandatory minimum term of imprisonment if the firearm is discharged during

the crime of violence. Further, if in the course of a violation of Section 924(c)(1)(A) a person is murdered, the offense is punishable by death or any term of years or for life under Title 18, United States Code, Section 924(j). Using and discharging a firearm during and in relation to a crime of violence, which resulted in the death of a person, is a felony under United States law.

On or about April 9, 2018, LANG and Zwiefelhofer robbed S.L. of $3,000 at gunpoint. During that robbery, which is a crime of violence that may be prosecuted in a United States court, LANG and Zwiefelhofer did use and discharge multiple firearms that resulted in the deaths of S.L. and D.L.

The violations of federal law alleged in the Criminal Complaint are all felonies under United States law. Each of these statutes and regulations was duly enacted law of the United States at the time the offenses were committed, at the time the United States Magistrate Judge authorized the Criminal Complaint and issued the arrest warrants, and are now in effect. Copies of these statutes are attached as Exhibit 3.

8. The maximum sentence that can be imposed upon conviction for each offense described in the Criminal Complaint and the above paragraphs of this Affidavit is as follows:

   a. **Conspiracy to Interfere with Commerce by Violence** – up to 20 years' imprisonment, a fine of up to $250,000, and a term of supervised release following imprisonment of up to three years;

8

   b.  **Interference with Commerce by Violence** – up to 20 years' imprisonment, fine of up to $250,000, and a term of supervised release following imprisonment of up to three years;

   c.  **Conspiracy to Carry and Use a Firearm During and in Relation to a Crime of Violence** – up to 20 years' imprisonment, a fine of up to $250,000, and a term of supervised release following imprisonment of up to three years; and

   f.  **Use and Discharge of a Firearm During the Commission of a Crime of Violence Resulting in Death** – Death or a minimum mandatory term of imprisonment of 10 years up to any term of years or life imprisonment, a fine of up to $250,000, and a term of supervised release following imprisonment of up to five years.

9. Title 18, United States Code, Sections 3281 and 3282 set forth the statutes of limitation governing the prosecutions of these offenses charged in the Criminal Complaint[1]. The criminal offenses charged in the Criminal Complaint in this case occurred in April 2018. Since the offenses occurred less than five years ago, prosecution of these offenses is not barred by either of the statutes of limitation.

10. Section 3281 provides:

---

[1] A criminal complaint is the charging instrument that commonly precedes an indictment when a defendant is the subject of an arrest warrant. A criminal complaint is governed by the same statutory limitations as an indictment. The United States will seek an indictment of Lang and Zwiefelhofer in the near future.

An indictment for [Use and Discharge of a Firearm During the Commission of a Crime of Violence Resulting in Death in violation of 18 U.S.C. § 924(j)(1)] may be found at any time without limitation.

Section 3282 provides:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for [all other offenses charged in the Criminal Complaint], unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

### SUMMARY OF FACTS OF THE CASE

11.  On April 10, 2018, two persons, S.L. and D.L.,[2] were found dead in Estero, Florida from apparent gunshot wounds to the head and body. Further investigation revealed that S.L. and D.L. had traveled to Estero from Brooksville, Florida to complete the purchase of several firearms from a person who listed them for sale on a website known as Armslist. The anticipated purchase price of the firearms was $3,000 in United States currency. Upon purchasing the firearms, S.L. planned to re-sell the firearms for a profit. S.L. withdrew $3,000 from his financial institution on the day of the murders to complete the transaction, but the $3,000 was not located at the crime scene. Alex Jared Zwiefelhofer[3] and Craig

---

[2] The identity of the victims are not being disclosed for privacy purposes and in accordance with the common practice of the United States Attorney's Office for the Middle District of Florida.
[3] Zwiefelhofer is currently under arrest and in custody in the United States on unrelated charges.

Austin LANG, were subsequently identified as the persons who were believed to have murdered S.L. and D.L. while robbing them of the $3,000.

12. On April 10, 2018, at approximately 7:30 a.m., an employee of a business in a commercial plaza discovered the bodies of S.L. and D.L. in the parking lot of the commercial plaza. S.L. was found deceased on the ground outside of his vehicle, with his wallet, cellular telephone and paperwork located around him. D.L. was sitting deceased in the passenger side of the vehicle. Detectives searched the cellular telephone of S.L. that was found at the scene of the murders and determined that S.L. had been in communication with a person using telephone number 786-747-9856, with the intent of purchasing the firearms that were listed on the Armslist website. These communications were primarily via text and had taken place on April 9, 2018. Telephone number 786-747-9856 did not have a subscriber identity, but was being used by a unique cellular telephone device that was linked to another cellular telephone number. Law enforcement agents believe that the same cellular device was used to communicate with two different phone numbers through the use of two different SIM cards which were switched on April 7, 2018. SIM card contained within cellular telephones can be changed but still carry a unique identification number.

13. Further investigation of telephone number 786-747-9856 revealed that it was being used by a cellular telephone that also had been using another telephone number until April 7, 2018. That prior telephone number, 715-404-0337, was subscribed to Alex Jared Zwiefelhofer. Cellular tower activation data for 715-404-0337 revealed that the cellular device using that phone number had traveled down to Florida in early April 2018 from the

11

State of Wisconsin. Zwiefelhofer resided in the State of Wisconsin. Additionally, the cellular tower data revealed that the cellular telephone using telephone number 715-404-0337 was located in the Miami, Florida area between April 4 and April 9, 2018.

14. Detectives reviewed Zwiefelhofer's cellular telephone records for telephone number 715-404-0337 and determined that Zwiefelhofer was in contact with Craig Austin LANG in March of 2018. LANG's cellular telephone number, 480-678-7349, was identified and cellular tower activation data revealed that LANG traveled to the State of Florida from the State of Arizona and arrived in Miami, Florida during the same time that Zwiefelhofer was in Miami. Telephone number 480-678-7349, used by LANG, and telephone number 786-747-9856 were traveling around the Miami area together.

15. LANG paid for a hotel room where detectives learned that Zwiefelhofer and LANG stayed while in Miami. LANG also paid for a rental vehicle that was rented from April 7-10, 2018. The rental vehicle contained a road toll transponder that indicated that the vehicle had traveled from Miami, Florida towards Estero, Florida in the late evening hours of April 9, 2018 and then returned to Miami in the early morning hours of April 10, 2018.

16. Records of online communications were obtained for Zwiefelhofer and LANG. Those communications revealed that Zwiefelhofer and LANG had planned to travel to Miami, Florida. Both Zwiefelhofer and LANG were planning to travel from Miami, Florida to South America to fight against the Venezuelan government. LANG advised that he was traveling with 9mm ammunition and Glock 17 magazines to Florida in furtherance of their plan. Zwiefelhofer and LANG also discussed checking out a military surplus store in

Miami, committing robberies, stealing a vessel and attempting to travel to South America undetected.

17. Additional communications between LANG and another subject, M.M., revealed that M.M. was also supposed to travel to Florida to meet with LANG with the intent to travel overseas. However, prior to arriving in Florida, M.M. was arrested and detained. Subsequent to M.M.'s release from custody in July 2018, M.M. met with LANG and traveled throughout the United States with LANG. M.M. observed that LANG was in possession of two Glock firearms and one rifle which LANG provided to a person in exchange for that person's identification information. LANG intended to use the identification information to obtain a U.S. passport to travel overseas, however, he was unable to do so.

18. During M.M.'s travel with LANG, LANG stated that he and another person killed "the boat captain" who was supposed to take them all to South America from Miami when "the boat captain" refused to return the money they had paid for the travel. LANG indicated that he and the other person "from Wisconsin" emptied their clips of ammunition during the killing. The scene of the murders of S.L. and D.L. contained over sixty (60) ammunition casings, almost all of which were 9mm in caliber. Of the casings, five (5) were stamped "LC-17" and were rifle ammunition. The 9mm casings were examined forensically and determined to originate from either a Glock or Smith and Wesson firearm. S.L., who was standing outside of his vehicle with the paperwork to purchase the firearms, was shot seven (7) times and D.L., who was seated in the passenger side of the vehicle used to travel

to the location, was shot eleven (11) times. The cause of death for S.L. and D.L. was the result of multiple gunshot wounds.

19. Records of online searches conducted by Zwiefelhofer revealed that he had searched for: (1) Miami Armslist; (2) Classified Miami Handguns; (3) Hotwire boat ignition switch; (4) cheapest hotels Miami; and (5) how to smuggle myself to South America. The Armslist posting for the firearms that S.L. and D.L. traveled to Estero to purchase was created on April 7, 2018 and was associated with telephone number 786-747-9856. This was the same day that LANG had purchased the new SIM card in Miami that was then switched into the cellular device believed to be used by Zwiefelhofer. Telephone number 786-747-9856 was used exclusively to communicate to set up the transaction that resulted in the robbery and murders of S.L. and D.L. on April 9, 2018.

20. On May 23, 2018, LANG sold fifty (50) firearm magazines, approximately 550 rounds of LC-17 rifle ammunition, a 5.56mm lower receiver, a Wilson AR 5.56 receiver, a ADE 5.56 upper receiver and other items for $1,500. These items were sold at a pawn shop in Seattle, Washington. Of the items that LANG sold, the two lower receivers and one upper receiver were consistent with those that were offered for sale in the Armslist posting. The LC-17 rifle ammunition was of the same type that was recovered at the scene of the murders of S.L. and D.L.

21. On May 23, 2019, Zwiefelhofer was arrested in Wisconsin for an unrelated federal firearms offense. A search of Zwiefelhofer's residence resulted in the discovery of a laptop computer in Zwiefelhofer's bedroom that was further forensically analyzed. The

laptop computer contained electronic data that revealed the creation of the Armslist posting on April 7, 2018 that was the subject of the investigation. The laptop computer's operating system login was "Craig", the first name of LANG.

22. Following his arrest, Zwiefelhofer was interviewed by law enforcement agents and he voluntarily agreed to answer questions. Zwiefelhofer admitted that he traveled to Florida with the purpose of continuing to travel to Venezuela to be a combatant. In addition, Zwiefelhofer admitted that he and LANG were together in Miami; that LANG was in possession of firearms; and that Zwiefelhofer purchased a phone at a store in Miami. Zwiefelhofer denied any knowledge about the Armslist posting or having traveled to Estero, Florida to conduct a firearms transaction. Zwiefelhofer also admitted to being with LANG in Seattle, Washington when LANG sold firearms and other items in a pawn shop.

## DESCRIPTION OF THE FUGITIVE

23. CRAIG AUSTIN LANG is a U.S. citizen, born on April 20, 1990, in the State of North Carolina. He is a white male, 6 feet 2 inches (187.96 cm) tall, weighing 185 pounds (83.91kg), with blond hair and blue eyes.

A compilation of photographs of CRAIG AUSTIN LANG are attached to this affidavit as Exhibit 4. These photographs were obtained from LANG's Arizona driver's license record, his current Facebook page, and another driver's license that LANG obtained in Virginia in 2018. According to FBI Special Agent James M. Roncinske, Agent Roncinske is aware that the person in the attached photographs is the same person who committed the crimes charged in the Criminal Complaint based upon the evidence gathered during the

investigation that began on April 10, 2018. Specifically, based upon records obtained from the rental car company, FBI Special Agent Roncinske identified LANG as the person who used his Arizona driver's license to rent the vehicle in Miami that was used in furtherance of his criminal activity. Additionally, based upon records obtained from the pawn shop in Seattle, Washington, LANG used his Arizona driver's license, which was photocopied, when he sold the firearm receivers and ammunition. Finally, FBI Special Agent Roncinske observed photographs posted by LANG to his Facebook page that depicted him with Zwiefelhofer on the Greyhound bus traveling to Miami, as well as in the hotel room in Miami.

## CONCLUSION

24. I have attached the following documents in support of this extradition of CRAIG AUSTIN LANG:

    a. Exhibit 1: A certified true and accurate copy of the Criminal Complaint.

    b. Exhibit 2: A certified true and accurate copy of the arrest warrant for CRAIG AUSTIN LANG.

    c. Exhibit 3: True and accurate copies of the applicable criminal statutes and regulations.

    d. Exhibit 4: Photographs of CRAIG AUSTIN LANG

25. If Ukrainian authorities or a Ukrainian court believes that additional information is needed in support of this extradition request after the submission of this request, the United States, (through the Department of Justice, Office of International Affairs) hereby requests that it be given notification of any perceived deficiencies immediately, and

that the United States be given an opportunity to supplement its request for extradition within a reasonable time period.

26. This affidavit was sworn before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

I swear under penalty of perjury that the foregoing is true and correct.

_____
Jesus M. Casas
Assistant United States Attorney


Signed and sworn to before me this 29th day of August, 2019 in Fort Myers, Florida.

_____
United States Magistrate Judge
Middle District of Florida

17