UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. ~~2:19-mj-1098-NPM~~ |
| | ) | |
| CRAIG AUSTIN LANG, | ) | |
| | ) | |
| Defendant. | ) | 2: _19_ _Mc_ - _19_ -FtM- |

## SUPPLEMENTAL[1] AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Jesus M. Casas, being duly sworn, depose and state:

1. I am a citizen of the United States of America and a resident of Florida.

2. From November 2002 until the present, I have worked for the United States Department of Justice as an Assistant United States Attorney for the Middle District of Florida. I prosecute persons charged with criminal violations of the laws of the United States. I have been a practicing attorney since 1998, and have been a federal prosecutor in the Middle District of Florida since 2002. As an Assistant United States Attorney, I prosecute a variety of federal offenses, including offenses involving Interference with Commerce by Violence, Conspiracy, and the Carrying and Use of a Firearm During and in Relation to a Crime of Violence. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States.

---

[1] This supplemental affidavit consists of information originally provided in support of the extradition of Craig Austin Lang, as well as new information related to the two additional criminal offenses alleged since the original extradition request was submitted for consideration.

1

3.  As an Assistant United States Attorney for the Middle District of Florida, I am responsible for the preparation and prosecution of criminal cases. In the course of my duties, I have become familiar with the charges and evidence in the case of *United States v. Craig Austin Lang, et al.*, Criminal Case No. 2:19-cr-150-FtM.

## PROCEDURAL HISTORY OF THE CASE

4.  On August 16, 2019, United States Magistrate Judge Nicholas P. Mizell issued an arrest warrant for CRAIG AUSTIN LANG ("LANG") based upon a Criminal Complaint and supporting affidavit that established probable cause for the commission of violations of United States laws relating to Conspiracy to Interfere with Commerce by Violence; Interference with Commerce by Violence; Conspiracy to Carry and Use a Firearm During and in Relation to a Crime of Violence; and Use and Discharge of a Firearm During and in Relation to Crime of Violence Resulting in Death.   A Criminal Complaint is a written statement of the essential facts constituting the offenses charged.   The Complaint must be made under oath before a United States Magistrate Judge.   After a Criminal Complaint is reviewed and approved, the court will normally issue a warrant for the arrest of the defendant, if he or she is not yet in custody.

5.  On September 11, 2019, a grand jury[2] in the Middle District of Florida returned

---

[2] Under the federal laws of the United States, a grand jury is composed of not less than 16 people whom the United States District Court selects at random from the residents of that district. The grand jury is an independent body impaneled by the court. The purpose of the grand jury is to examine the evidence of crimes presented to it by United States law enforcement authorities. After independently reviewing this evidence, each member of the grand jury must determine if there is sufficient evidence to find that a crime has been committed and that the particular defendant or defendants committed the crime. After at least 12 grand jurors affirmatively vote that there is sufficient evidence to believe that the defendant committed the crime or crimes, the

and filed an Indictment charging LANG with four violations of federal law. The four alleged violations are referred to as counts in the Indictment and in this affidavit. Count One of the Indictment charges LANG with Conspiracy to Interfere with Commerce by Robbery, 18 U.S.C. § 1951(a). Count Two of the Indictment charges LANG with Interference with Commerce by Robbery, 18 U.S.C. § 1951(a) and 2. Count Three of the Indictment charges LANG with Conspiracy to Use a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A) and 924(o). Count Four of the Indictment charges LANG with Use of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A) and 924(j)(1) and 2.

     6.  On December 4, 2019, a grand jury in the Middle District of Florida returned and filed a Superseding Indictment charging LANG and his co-defendant, Alex Jared Zwiefelhofer, with six violations of federal law. The Superseding Indictment includes the four allegations contained in the original Indictment, as well as two additional counts alleging two new federal offenses against LANG and Zwiefelhofer[3]. These two new offenses in the Superseding Indictment allege criminal conduct that was not included in the original Indictment and these new offenses required Department of Justice approval prior to presentation to the grand jury. Upon receiving approval from the Department of Justice to

---

grand jury may return an indictment. An indictment is a document that formally charges the defendant with a crime or crimes, describes the specific laws that the defendant is accused of violating, and describes the acts of the defendant that are alleged to be violations of the law. Once the grand jury has returned an indictment, the same grand jury may hear additional evidence to amend or supersede the indictment or add additional charges.

[3] The Superseding Indictment also contains "Special Findings" that were not contained within the original Indictment. The "Special Findings" are only applicable to Alex Jared Zwiefelhofer and not to LANG.

charge these two new offenses, the charges were presented to the grand jury for their consideration and approval.

7.  Count Five of the Superseding Indictment charges LANG with Conspiracy to Kill, Kidnap, and Maim Persons in a Foreign Country, in violation of 18 U.S.C. § 956(a)(1). Count Six of the Superseding Indictment charges CRAIG AUSTIN LANG with Violation of the Neutrality Act, in violation of 18 U.S.C. § 960.

8.  As a result of the return of the Superseding Indictment charging LANG and his co-defendant, Alex Jared Zwiefelhofer, with additional offenses, a new arrest warrant was issued by the court.  The arrest warrant authorizes the arrest of LANG for the offenses charged in the Superseding Indictment.  The new arrest warrant is attached to this supplemental affidavit as Exhibit 2.

**The New Charges in the Superseding Indictment and Pertinent United States Law**

Conspiracy to Kill, Kidnap, Maim, or Injure Persons in a Foreign Country

9.  In the Superseding Indictment, LANG is charged with Conspiracy to Kill, Kidnap, and Maim Persons in a Foreign Country, specifically the Bolivarian Republic of Venezuela, in violation of Title 18, United States Code, Section 956(a)(1).  Under United States law, a conspiracy is simply an agreement to commit one or more "substantive" criminal offenses, referred to as the purpose or object or objective of the conspiracy.  The crime of conspiracy is an independent offense, separate and distinct from the commission of any substantive offense. Under United States law, a person can be charged with conspiracy if (1) two or more persons entered an agreement to commit one or more substantive offenses; (2) the defendant knowingly and intentionally became a member of the conspiracy to commit at least one of

the substantive offenses; and (3) that at least one co-conspirator committed at least one over

act in furtherance of the conspiracy. An overt act is any action taken to further the objective

of the conspiracy, and need not itself be a criminal act. The Superseding Indictment alleges

eight overt acts in furtherance of the conspiracy alleged in Count Five.

10. The objective of the charged conspiracy to kill, kidnap, and maim persons

in a foreign country was to overthrow the government of the Bolivarian Republic of

Venezuela. LANG and his co-conspirator, Alex Jared Zwiefelhofer, agreed to travel to the

country of Venezuela to overthrow by force the government of Venezuela. In furtherance of

the conspiracy, LANG: (1) discussed with others the plan to fight the Venezuelan

government and to kill people; (2) obtained firearms, ammunition and other military

equipment that he planned to take to Venezuela for the purpose of fighting against the

Venezuelan government; (3) traveled from the State of Arizona to the State of Florida with

firearms, ammunition and other military equipment; and (4) committed an armed robbery

of $3,000 in U.S. currency from S.L., Jr. and D.L. to fund their travel to Venezuela.

Violation of the Neutrality Act

11. The Superseding Indictment also charges a substantive violation of The

Neutrality Act, in violation of Title 18, United States Code, Section 960. Section 960 makes

it illegal for a person to begin, provide funding, or take part in any military or naval

expedition against any foreign state with whom the United States is at peace. LANG and

Alex Jared Zwiefelhofer are charged with violating the Neutrality Act by organizing,

beginning, embarking, providing, preparing, furnishing money for and taking part in a

military expedition against the Bolivarian Republic of Venezuela.

12. The maximum sentence that can be imposed upon conviction for each offense described in the Superseding Indictment and the above paragraphs of this Supplemental Affidavit is as follows:

a. **Conspiracy to Interfere with Commerce by Violence** – up to 20 years' imprisonment, a fine of up to $250,000, and a term of supervised release following imprisonment of up to three years;

b. **Interference with Commerce by Violence** – up to 20 years' imprisonment, fine of up to $250,000, and a term of supervised release following imprisonment of up to three years;

c. **Conspiracy to Carry and Use a Firearm During and in Relation to a Crime of Violence** – up to 20 years' imprisonment, a fine of up to $250,000, and a term of supervised release following imprisonment of up to three years; and

d. **Use and Discharge of a Firearm During the Commission of a Crime of Violence Resulting in Death** – Death or a minimum mandatory term of imprisonment of 10 years up to any term of years or life imprisonment, a fine of up to $250,000, and a term of supervised release following imprisonment of up to five years.

e. **Conspiracy to Kill, Kidnap, and Maim Persons in a Foreign Country** – Imprisonment for any term of years or for life if the offense is conspiracy to murder or kidnap; and imprisonment for not more than 35 years if the offense is conspiracy to maim.

  f.  **Violation of the Neutrality Act** – Imprisonment for up to three years, a fine of up to $250,000, and a term of supervised release following imprisonment of up to one year.

 13. Title 18, United States Code, Section 3281 and 3282 set forth the statutes of limitation governing the prosecutions of these offenses charged in the Superseding Indictment[4]. The criminal offenses charged in the Superseding Indictment in this case occurred in 2018. Since the offenses occurred less than five years ago, prosecution of these offenses is not barred by either of the statutes of limitation.

---

[4] A criminal complaint is the charging instrument that commonly precedes an indictment when a defendant is the subject of an arrest warrant. The United States obtained an indictment of Lang and Zwiefelhofer. Because additional charges were returned by the grand jury against Lang and Zwiefelhofer, a superseding indictment is now the pertinent charging instrument.

## CONCLUSION

14.  I have attached the following documents in support of this extradition of CRAIG AUSTIN LANG:

a.  Exhibit 1: A certified true and accurate copy of the Superseding Indictment.

b.  Exhibit 2: A certified true and accurate copy of the arrest warrant for CRAIG AUSTIN LANG.

c.  Exhibit 3: True and accurate copies of the applicable criminal statutes and regulations.

d.  Exhibit 4: Affidavit, with attachments, of Special Agent James Roncinske, dated December 11, 2019, including a verified photograph of CRAIG AUSTIN LANG.

15.  If Ukrainian authorities or a Ukrainian court believes that additional information is needed in support of this extradition request after the submission of this request, the United States, (through the Department of Justice, Office of International Affairs) hereby requests that it be given notification of any perceived deficiencies immediately, and that the United States be given an opportunity to supplement its request for extradition within a reasonable time period.

16.  I have thoroughly reviewed Special Agent Roncinske's affidavit[5] and the attachments, and attest that this evidence indicates that CRAIG AUSTIN LANG is guilty of

---

[5] The special agent's supplemental affidavit describes the conduct for all of the crimes for which LANG is requested to be extradited, including those crimes that were described in the original special agent's affidavit.

8

the offenses charged in the Superseding Indictment. This affidavit and the affidavit of Special

Agent Roncinske was sworn before a United States Magistrate Judge legally authorized to

administer an oath for this purpose.

      I swear under penalty of perjury that the foregoing is true and correct.

_____
Jesus M. Casas
Chief Assistant United States Attorney
Fort Myers Division


      Signed and sworn to before me this ___10th___ day of December, 2019 in Fort Myers,
Florida.

_____
United States Magistrate Judge
Middle District of Florida

9